IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VALDEZ BLACKMON, | ) | Nos.   C 12-1185 LB |
| | ) | C 11-3948 JSW (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER RELATING CASES;** |
| v. | ) | **DISMISSING CASE NO. C 12-** |
| | ) | **1185 LB; GRANTING LEAVE** |
| CALIFORNIA DEPARTMENT OF | ) | **TO PROCEED IN FORMA** |
| CORRECTIONS AND | ) | **PAUPERIS** |
| REHABILITATION, DIVISION OF | ) | |
| ADULT PAROLE OPERATION, | ) | |
| REGION 2; J. LARSON; JAMES | ) | |
| SCAVER; RAY POLIAKOFF; | ) | (Docket No. 2) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, an ex- parolee of the State of California, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983.  The case, No. C 12-1185 LB, was assigned to Magistrate Judge Beeler, who referred it to the undersigned District Judge for a determination whether it should relate to an earlier case filed by Plaintiff, No. C 11-3948 JSW (PR).  In both cases, Plaintiff makes the same allegations against the same defendants -- indeed the complaints in the two cases are nearly identical.  Accordingly, the Court determines that they are related and Case No. C 12-1185 LB shall be reassigned to the undersigned District Judge.

The Court dismissed Plaintiff's earlier case because Plaintiff did not state a cognizable claim for relief.  For the same reasons, the identical claims raised in the latter case, No. C 12-1185 LB, are also not cognizable.  The claims are also not cognizable for second reason.  Plaintiff claims that Defendants' actions led to the revocation of his parole, and he seeks money damages from them for his pain and suffering when he was

incarcerated after his parole was revoked.  A plaintiff may not obtain money damages based on allegedly wrongful incarceration resulting from a parole-revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question.  *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), bars a Section 1983 action challenging revocation of supervised release).  It is clear from the allegations in the complaint that the decision to revoke Plaintiff's parole was not reversed, expunged, set aside or called into question.

For the foregoing reasons, the Case No. C 12-1185 LB is REASSIGNED to the undersigned District Judge and DISMISSED for failure to state a cognizable claim for relief.  Plaintiff's application to proceed in forma pauperis in that case (Docket No. 2) is GRANTED.

IT IS SO ORDERED.

DATED:  July 9, 2012

_____
JEFFREY S. WHITE
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VALDEZ BLACKMON,

       Plaintiff,

  v.

CA DEPT OF CORRECTIONS et al,

       Defendant.
_____/

Case Number: CV12-01185 LB
CV11-03948 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 9, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Valdez Blackmon
P.O. Box 213
Palo Alto, CA 94025

Dated: July 9, 2012

                  *Jennifer Ottolini*

          Richard W. Wieking, Clerk
          By: Jennifer Ottolini, Deputy Clerk